**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| TANGILA RANDOLPH, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-3638 |
| | § | |
| AVIS BUDGET CAR RENTAL, LLC, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM & OPINION DENYING THE PLAINTIFF'S
MOTION FOR LEAVE TO AMEND AND MOTION FOR REMAND**

This case arises from a December 2015 car accident. Tangila Randolph sued Avis Budget

Car Rental in October 2017 in Texas state court, and Avis Budget timely removed. (Docket Entry

No. 1). Randolph alleges that she learned during discovery in March 2018 that Lloyd Bivens was

the Avis Budget employee driving the truck that hit her car. Joining Bivens, a Texas citizen, as a

defendant would destroy diversity jurisdiction, and Randolph moves to remand the case if the court

permits her to join Bivens. (Docket Entry No. 14). Avis Budget opposes the motion for leave to

file an amended complaint to join Bivens as a defendant. (Docket Entry No. 15).

Rule 15(a) states that "the court should freely give leave [to amend] when justice so

requires." FED. R. CIV. P. 15(a)(2). Leave is not automatic, but within the district court's discretion.

*Moore v. Manns*, 732 F.3d 454 (5th Cir. 2013). "If after removal the plaintiff seeks to join

additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny

joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When a

party seeks to amend pleadings to add a new, nondiverse party, the court should scrutinize the

amendment "more closely than an ordinary amendment." *Moore*, 732 F.3d at 456 (quoting

1

*Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).

To determine whether to permit joinder of a nondiverse party, the district court must balance the equities using four factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other equitable factors. *Hensgens*, 833 F.2d at 1182; *see also Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 679 (5th Cir. 2013) (the *Hensgens* factors are the correct legal standard for considering whether joining nondiverse parties after removal should be allowed).

The first factor weighs in favor of denying Randolph's motion for leave to amend. "When courts analyze the first *Hensgens* factor, they consider whether the plaintiffs knew or should have known the identity of the nondiverse defendant when the state court complaint was filed." *De la Cruz v. Home Depot U.S.A., Inc.*, No. 4:15-1566, 2015 U.S. Dist. LEXIS 143856, at *6 (S.D. Tex. Oct. 22, 2015) (citations omitted). Randolph states that she did not know of Bivens's identity until discovery, after the case was removed. Randolph did, however, know at the time she filed suit that an Avis Budget employee was driving the truck that hit her. She alleged that Avis Budget was liable for the negligent actions of its driver. (Docket Entry No. 15-1). Randolph did not include the driver as an unknown or John Doe defendant, nor did she assert any claims against the unknown employee. *See De la Cruz*, 2015 U.S. Dist. LEXIS 143856, at *7 (the first factor weighed against joinder when the plaintiff was aware that an unknown employee had caused the accident that harmed him, yet sued only the employer) (citing *Razo v. Home Depot U.S.A., Inc.*, No. 4:14-cv-428-A, 2014 U.S. Dist. LEXIS 107973 (N.D. Tex. Aug. 6, 2014) (same)).

The second factor also weighs in favor of denying Randolph's motion for leave to amend.

"Although courts generally find that a plaintiff 'is not dilatory in seeking to amend a complaint when no trial or pretrial dates were scheduled and no significant activity beyond the pleading stage has occurred,' the analysis is different when the proposed amendment is to add nondiverse defendants shortly after removal based on federal diversity jurisdiction." *Multi-Shot, LLC v. B&T Rentals, Inc.*, H-09-3283, 2010 WL 376373, at * 9 (S.D. Tex. Jan. 26, 2010) (internal citation omitted) (quoting *Smith v. Robin Am., Inc.*, No. 08-3565, 2009 WL 2485589, at *6 (S.D. Tex. Aug. 7, 2009)). "In such a circumstance, '[a] delay of two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory.'" *Id.* (quoting *Irigoyen v. State Farm Lloyds*, No. 03-0324, 2003 U.S. Dist. LEXIS 27353, 2004 WL 398553, at *4 (S.D. Tex. Jan. 5, 2004)).

Randolph filed her motion for leave to amend on April 4, 2018, nearly six months after she filed her original petition and four months after Avis Budget removed. (Docket Entry No. 12). Courts have found shorter periods dilatory. *See, e.g.*, *De la Cruz*, 2015 U.S. Dist. LEXIS 143856, at *8 (a motion filed three and a half months after the original petition and two and a half months after removal was dilatory); *Wells v. Chesapeake Energy* Corp., No. H-15-1856, 2016 U.S. Dist. LEXIS 40513, at *9 (S.D. Tex. Mar. 28, 2016) (a three-month delay was dilatory); W&L *Ventures*, No. H-13-00754, 2014 U.S. Dist. LEXIS 39674 (S.D. Tex. Mar. 26, 2014) (a motion filed just over a month after the petition was filed and three days after it was removed was a neutral factor). The timing here is clearly dilatory in light of the scheduling and docket control order the court entered at the Rule 16 conference in January 2018, with counsels' agreement. That order required initial disclosures by February 23, depositions by March 23, and mediation by April 20. (Docket Entry No. 8). The parties determined that dispositive motions would not be useful, and the court set

docket call for May 14, with trial to occur shortly thereafter. Randolph filed her motion to amend on April 4, only two weeks before the mediation deadline and just over a month before docket call. The delay is significant in itself and more so given the pretrial deadlines were previously set.

The third *Hensgens* factor also weighs against allowing the amendment. "Courts analyzing the third Hensgens factor look to (i) whether the already named diverse defendant would be unable to satisfy a future judgment, and (ii) whether the possibility of a separate state court proceeding weighs against denying the proposed amendment because of the inefficiency of parallel proceedings or because such proceedings would place a financial burden on the plaintiff." *Agyei Endurance Power Prods.*, 198 F. Supp. 3d 767, 777 (S.D. Tex. 2016). Randolph will not be significantly injured if Bivens is not joined. Randolph asserts no claims for independent recovery from Bivens. Avis Budget "judicially declares it stipulates any alleged negligence Bivens committed occurred during the course and scope of his employment with Avis." (Docket Entry No. 15 at 5). Nothing indicates that Avis Budget would be unable to satisfy a judgment against it. This factor weighs heavily against allowing amendment. *See De la Cruz*, 2015 U.S. Dist. LEXIS 143856, at *8–9 (the defendant's admission that the nondiverse party the plaintiff sought to join was working in the course and scope of his employment weighed strongly against granting leave to amend).

The final factor asks about other equitable factors, which include whether granting leave to amend would deprive a defendant of a properly invoked federal forum and whether denying leave to amend would result in parallel state-court proceedings. *Gallegos v. Safeco Ins. Co.*, No. H-09-2777, 2009 U.S. Dist. LEXIS 113532, at *5 (S.D. Tex. Dec. 7, 2009). Avis Budget has properly invoked this federal forum. Randolph has not identified, and the court does not find, other equitable factors that weigh in favor of allowing her to amend.

The factors all weigh against granting Randolph leave to amend. Without amendment, there is no basis to remand. The motion for leave to amend, (Docket Entry No. 12), and the motion to remand, (Docket Entry No. 14), are denied.

SIGNED on April 23, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge